IMPERIAL MFG. CO. v. MUNSON SUPPLY CO. et al.

(Circuit Court of Appeals, Second Circuit.   April 23, 1906.)

No. 275.

PATENTS—INFRINGEMENT—TYPEWRITER KEYS.

The Graham & Savell patent, No. 504,065, for a cushioned cap for typewriter keys, *held* valid, on appeal from an order granting a preliminary injunction, and infringed by one form of defendant's construction, but not by another form.

Appeal from the Circuit Court of the United States for the Southern District of New York.

The following is the opinion of the Circuit Court, by Townsend, Circuit Judge:

On motion for preliminary injunction against infringement of claim 1, of patent No. 504,065, granted August 29, 1893; claim 7 of patent No. 563,163, granted June 30, 1896; and claims 1, 2, and 3 of patent No. 563,164, granted June 30, 1896—all to Graham & Savell. These patents have never been adjudicated, but the evidence of universal public acquiescence for a period of 12 years, and of the relations of defendant Munson to complainant as its agent, are sufficient to sustain the motion.

The patents relate to certain alleged inventions in india-rubber cushions for typewriter keys. Patent No. 563,163 need not be considered, as, if construed broadly enough to cover defendants' construction, it would be void, in view of the prior state of the art. Patent No. 563,164 covers a process of inlaying letters by vulcanization and the resulting product, both of which appear to be old, in view of similar processes and products in the general field of art relating to the manufacture of articles of india rubber.

Claim one, of patent No. 504,065, the one as to which infringement is here claimed, is as follows: "(1) A hollow cushioned cap for the keys of typewriting machines, having a letter or character on its surface, said cap provided with means for engaging the key for maintaining the cap elevated to form an air space or cushion between the inner top wall of the cap and top of the key." The cap, as described in the specifications, comprises a metallic sleeve arranged to fit over the rim of a typewriter key, having above it a rim or flange with a neck of smaller diameter, and above this an outwardly expanding flange. The "hollow elastic cap is stretched over the flange, a, until the lower edge of it fits into the space or neck between the body, A, and the flange, a, where it is firmly held in place. * * * When this cap is in place there is a hollow space between the thin surface of the cap and inner portion of the cup-shaped flange, a, and in addition to this when the rim, A, has been fitted upon the key, a certain amount of air is retained within the space between the key and the elastic cap which serves as a cushion, making the pressure with the fingers very soft and agreeable, and preventing any soreness or injury to the fingers by constant striking of the keys."

There is no prior art which shows such a construction. The only patent relied on to limit the invention is No. 455,319, to Green, in which an ordinary rubber thimble is pushed down directly on the key without any interposed structure, and is held in place simply by the elasticity of its rubber rim. The objection to this construction is that it lacks the cushioning qualities provided for by the construction of the patent in suit, and that, as appears from the affidavits, it is impracticable because, by reason of the dependence upon the elasticity of the rim as the means of attachment, it is only capable of use for a short time. It is true, as found by the Patent Office when the application for the patent in suit was pending, that Green shows an air space between the top of the key and the solid rubber cap, but this is not in construction or operation the air cushion of the patent

in suit, which, by means of the flange construction, maintains the cap elevated to form an air space or cushion as claimed. The defendants' cap differs from that of Green, in that it introduces into its construction means for engaging the keys and for maintaining the cap elevated, consisting of an external band supporting the key and cushion, provided with punching points to hold the rubber in place. The effect of this arrangement is to form an interposed air space or cushion like that of the patent in suit. The defendants contend, however, that this construction does not infringe because said air space is crossed by two bands or bridges of rubber extending at right angles to the exterior band across the air space, and because in the latter construction the air space has been further obstructed or filled up with sponge rubber, thus reducing the elasticity of the cushion and thereby introducing a novel improvement.

Defendants appear to have appropriated the essential element, the elevated air space or cushion of the first claim of patent No. 504,065. The fact that they have introduced rubber bridges or pieces of sponge rubber merely so as to reduce the amount of resiliency secured by the patented construction is not sufficient to relieve them of the charge of infringement.

The motion for a preliminary injunction as to claim 1 of patent No. 504,065 is granted, and is denied as to the other two patents.

J. Q. Rice, for appellants.
Livingston Gifford, for appellee.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. The court is of the opinion that the complainant's patent is valid; that the defendants' cap, when made without the sponge rubber filling, is an infringement of the first claim of complainant's patent, but when made with the filling is not an infringement; and that a sufficient case was shown for an injunction.

The order granting preliminary injunction is affirmed, without costs of appeal to either party.